**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| MEGAN RAFFERTY, DEBORAH HAYNES, LEASON JACOB, and DIANA GRAY, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>          v.<br><br>ROBERT DOAR, in his capacity as its Commissioner of the New York City Human Resources Administration;<br><br>KRISTIN PROUD, in her capacity as Commissioner of the New York State Office of Temporary and Disability Assistance;<br><br>NIRAV SHAH, M.D., in his capacity as its Commissioner of the New York State Department of Health;<br><br>the NEW YORK CITY HUMAN RESOURCES ADMINISTRATION;<br><br>the NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE; and<br><br>the NEW YORK STATE DEPARTMENT OF HEALTH,<br><br>               Defendants. | No. 13-CV-1410 (TPG)<br><br><br><br>**STIPULATION AND ORDER OF SETTLEMENT** |

---

## RECITALS

**WHEREAS**, on March 5, 2013, Plaintiffs Megan Rafferty, Deborah Haynes, Leason

Jacob, and Diana Gray (collectively "Plaintiffs") filed a complaint on behalf of themselves and

of a class of similarly situated individuals who are blind or seriously visually impaired, who are

1

applicants for and recipients of Supplemental Nutrition Assistance Program ("SNAP") and

Medical Assistance ("Medicaid") benefits, and who reside in New York City (the "Complaint");

**WHEREAS** Plaintiffs asserted claims against the New York City Human Resources

Administration ("HRA"); Steven Banks, as the Commissioner of HRA ("Commissioner Banks");

the New York State Office of Temporary and Disability Assistance ("OTDA"); Sharon Devine,

as Executive Deputy Commissioner of OTDA ("Executive Deputy Commissioner Devine"); the

New York State Department of Health ("DOH"); and Howard Zucker, as Acting Commissioner

of DOH ("Acting Commissioner Zucker")[1] (collectively "Defendants");

**WHEREAS** Plaintiffs alleged that Defendants failed to provide written materials and

information about SNAP and Medicaid eligibility in accessible and effective alternative formats

to applicants and recipients who are blind or seriously visually impaired;

**WHEREAS** Plaintiffs alleged that Defendants' conduct violates the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.; Section 504 of the Rehabilitation

Act of 1973 ("Section 504"), 29 U.S.C. §§ 701-797(b); the Due Process Clause of the Fourteenth

Amendment to the United States Constitution, U.S. CONST. amend. XIV, § 1; the New York

State Human Rights Law, N.Y EXEC. LAW §§ 291 *et seq*.; the New York City Human Rights

Law, N.Y.C. ADMIN. CODE § 8-107; and state regulations, 18 N.Y.C.R.R. § 303.1;

**WHEREAS**, on August 7, 2013, upon a joint request of the parties, the Court certified a

class of plaintiffs pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2); and

**WHEREAS** the parties are entering into this Stipulation and Order of Settlement (the

"Stipulation and Order") solely for the purpose of settling the disputes between them and to

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), HRA Commissioner Steven Banks, DOH's Acting Commissioner Howard Zucker, and OTDA's Executive Deputy Commissioner Sharon Devine are automatically substituted as parties for former HRA Commissioner Robert Doar, former DOH Commissioner Nirav Shah, M.D., and former OTDA Commissioner Kristin Proud, respectively.

avoid further litigation, and without the City and State Defendants admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by the undersigned, that this action is settled, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, on the following terms and conditions:

## SECTION I:  DEFINITIONS

1. "Applications" refers to the documents made available by the State and City Defendants to individuals for the purpose of applying to receive or to continue to receive SNAP and/or Medicaid benefits, as identified herein in the respective Sections I of Appendices A, B, and C, including all successors to such documents, if any.

2. "Audio Format" refers to audio files containing audio transcriptions of text documents for use with computers and digital audio players, whether provided through electronic transmission over the internet or on physical media such as compact discs, or other successor technology that Defendants may adopt, pursuant to paragraph 45.

3. "City Defendants" refers to HRA, and to Commissioner Banks and his successors.

4. "Class" refers to the plaintiff class certified by the Court on August 7, 2013, and defined as follows:

   > All New York City residents who: (1) have visual impairments that substantially limit the major life activity of seeing or otherwise have a visual disability as "disability" is defined under the Americans with Disabilities Act of 1990 and Section 504 of the Rehabilitation Act of 1973; (2) are current or future applicants for or recipients of SNAP and/or Medicaid benefits; and (3) need written materials in alternative formats for effective communication regarding SNAP and Medicaid.

5. "Class Counsel" refers to the National Center for Law and Economic Justice, and Drinker Biddle & Reath LLP.

6.      "CNS" refers to the State Defendants' Client Notice System, or any successors thereto.

7.      "Communications" refers to any personalized and individualized written notice that is issued to a Class member by either the State or City Defendants concerning the Class member's SNAP and/or Medicaid benefits or application for SNAP and/or Medicaid benefits.   As used herein, a Communication is "issued" by a party when it is published and mailed by the party's employees or contractors in the name of the party.

8.      "DAI" refers to the Disability Accommodation Indicator for WMS and FHIS created by OTDA on June 23, 2014.

9.      "DAI Implementation Date" refers to July 1, 2016, or the date on which the DAI is made operational, whichever is earlier.

10.     "Data Format" refers to electronic versions of text documents accessible to Class members through the use of assistive screen reading software, whether provided through electronic transmission over the internet or on physical media such as compact discs, or other successor technology that Defendants may adopt, pursuant to paragraph 45.

11.     "Decision After Fair Hearing" refers to any written administrative decision issued by OTDA's Office of Administrative Hearings on behalf of OTDA or DOH.

12.     "Effective Date" refers to the date on which this Stipulation and Order is approved and "so-ordered" by the Court.

13.     "eMedNY" is the electronic Medicaid Management System of New York State operated by Computer Sciences Corporation, or by any successor vendors, on behalf of DOH.

14.     "FHIS" refers to OTDA's Office of Administrative Hearings' Fair Hearings Information System, or any successors thereto.

4

15.    "Full Implementation Date" refers to the latest of any specific date-certain deadlines set forth in this Stipulation and Order pertaining to any Defendant, or the date on which the obligation corresponding to any such deadline is actually implemented or effectuated by the appropriate Defendant, whichever is earlier.

16.    "IVRS" refers to HRA's Interactive Voice Response System.

17.    "Large Print" refers to hard copy text documents formatted in 18-point font.

18.    "Primary Alternative Formats" refers to the following: (a) Large Print; (b) Audio Format; and (c) Data Format.

19.    "Publications" refers to the non-personalized and non-individualized documents that are made available to the general public concerning SNAP and/or Medicaid benefits by the State and City Defendants, including instructions to Applications and related informational materials, as identified herein in the respective Sections II of Appendices A, B, and C, and all successors to such documents, if any.

20.    "Public-Facing Employees" refers to all employees of any Defendant whose job duties include regularly interacting with Class members and the general public concerning applying for or receiving SNAP and/or Medicaid benefits, and/or fair hearings relating to SNAP and/or Medicaid benefits.

21.    "SNAP" refers to the United States Department of Agriculture's Supplemental Nutrition Assistance Program.

22.    "SSA" refers to the United States Social Security Administration.

23.    "State Defendants" refers to OTDA, Executive Deputy Commissioner Devine and her successors, DOH, and Acting Commissioner Zucker and his successors.

24.    "USDA" refers to the United States Department of Agriculture.

25.     "WMS" refers to the OTDA's Welfare Management System, or any successors thereto.

**SECTION II:  INJUNCTIVE RELIEF**

A.      <u>Revising Applications and Publications</u>

26.     **OTDA.**

    a.  No later than July 1, 2016, OTDA shall make all Applications available in Large Print and Data Format to local social services districts, and available for download from OTDA's website in Large Print and Data Formats.  No later than July 1, 2016, OTDA shall further convert all documents identified in Section I of Appendix A into Audio Format and Braille, and will make such documents available to local social services districts, and available for download from OTDA's website in Audio Format; provided that such converted documents will include appropriate language making clear that the documents are being provided in Audio Format and Braille solely for informational purposes, and that applications must be completed and returned in written, non-alternative format.  If OTDA later identifies a document that should have been included as an Application listed in Section I of Appendix A for purposes of this Stipulation and Order, but was not so identified, it shall notify Class Counsel as soon as practicable thereafter, and make the additional Application available in the formats and in the manner set forth above in this subparagraph no later than ninety (90) days following the notification.

    b.  No later than July 1, 2016, OTDA shall make all Publications available in the Primary Alternative Formats to local social services districts, and available for download from OTDA's website in the Primary Alternative Formats.

c. No later than July 1, 2016, OTDA shall add language substantially similar to: "If you are blind or seriously visually impaired and need this application in an alternative format, you may request one from your social services district.  **For additional information regarding the types of formats available and how you can request an application in an alternative format, see the "How to Complete" instruction book (PUB-1301) or www.otda.ny.gov"** on or as an addendum to the following: (i) LDSS 4826 (SNAP Recertification and Application); (ii) LDSS 2921(Common Application for SNAP, Medicaid and other benefits); and (iii) LDSS 3174 (Recertification Form for SNAP, Medicaid and other benefits).  OTDA shall additionally add similar language to all successors to the foregoing documents, if any.

d. No later than July 1, 2016, OTDA shall add language substantially similar to: "If you are blind or seriously visually impaired, would you like to receive written notices in an alternative format?  ___ Yes ___ No.  If yes, check the type of format you would like:  ___ Large Print; ___ Data CD; ___ Audio CD; ___ Braille, if you assert that none of the other alternative formats will be equally effective for you.  If you require another accommodation, please contact your social services district." on or as an addendum to the following: (i) LDSS 4826 (SNAP Recertification and Application); (ii) LDSS 2921(Common Application for SNAP, Medicaid and other benefits); and (iii) LDSS 3174 (Recertification Form for SNAP, Medicaid and other benefits).  OTDA shall additionally add similar language to all successors to the foregoing documents, if any.

e. No later than July 1, 2016, OTDA shall add language to the MyBenefits online application for SNAP substantially similar to: "If you are blind or seriously visually

7

impaired, would you like to receive written notices in an alternative format?  ___ Yes ___ No.  If yes, check the type of format you would like:  ___ Large Print; ___ Data CD; ___ Audio CD; ___ Braille, if you assert that none of the other alternative formats will be equally effective for you.  If you require another accommodation, please contact your social services district."

27.   **DOH.**

a.  No later than July 1, 2016, DOH shall make all Applications available in the Primary Alternative Formats to local social services districts, and available for download from DOH's website in Large Print and Data Format.  No later than July 1, 2016, DOH shall further convert all documents identified in Section I of Appendix B into Audio Format and Braille, and will make such documents available to local social services districts, and available for download from DOH's website in Audio Format; provided that such converted documents will include appropriate language making clear that the documents are being provided in Audio Format and Braille solely for informational purposes, and that applications must be completed and returned in written, non-alternative format.  If DOH later identifies that a document that should have been included as an Application listed in Section I of Appendix B for purposes of this Stipulation and Order, but was not so identified, it shall notify Class Counsel as soon as practicable thereafter, and make the additional Application available in the formats and in the manner set forth above in this subparagraph no later than ninety (90) days following the notification.

b. No later than July 1, 2016, DOH shall make all Publications available in the Primary Alternative Formats to local social services districts, and available for download from DOH's website in the Primary Alternative Formats.

c. No later than July 1, 2016, DOH shall add language substantially similar to: "If you are blind or seriously visually impaired and need written information in an alternative format, check the type of notice you want to receive from us: ___ Standard notice & large print notice; ___ Standard notice & data CD notice; ___ Standard notice & audio CD notice; ___ Standard notice & Braille notice, if you assert that none of the other alternative formats will be equally effective for you.  If you require another accommodation, please contact your social services district." as an addendum to the following: (i) DOH 4220 (Access NY application for Medicaid); and (ii) DOH 4282 (Family Planning Benefit Program for Medicaid).  DOH shall additionally add similar language to all successors to the foregoing documents, if any.

28. **HRA.**

a. **SNAP Applications**.  If, after the Effective Date, HRA identifies or develops an HRA-specific document that qualifies as an Application utilized in SNAP, it shall notify Class Counsel as soon as practicable and make the Application available in the Primary Alternative Formats, including by download from HRA's website, no later than ninety (90) days following the notification.

b. **Publications.**  No later than one-hundred and eighty (180) days after the Effective Date, HRA will make available, including by download from HRA's website, in the Primary Alternative Formats the HRA Publications that pertain to the SNAP and/or Medicaid programs that are identified in Section II of Appendix C.  HRA

Publications concerning instructional materials corresponding to Applications and concerning clients' rights and responsibilities that are developed after the Effective Date will be made available in the Primary Alternative Formats.

c. **Internet-Based Accessible SNAP Applications – Reengineering Phase I.**  No later than August 1, 2015, HRA will provide a portal on its website that adheres to the Web Content Accessibility Guidelines 2.0, accessible to clients on personal computers, through which all clients can receive, complete, and submit an application or recertification for SNAP benefits.

d. **Internet-Based Accessible SNAP-Related Communications Reengineering Phase II.**  Subject to obtaining the requisite approvals from USDA, no later than December 1, 2016, HRA will make available a portal on its website that adheres to the Web Content Accessibility Guidelines 2.0, accessible to clients on personal computers, by which all SNAP clients can perform the following tasks in connection with participation in SNAP: (i) receive, complete, and submit Periodic Reporting/Mid-Certification documents; (ii) access Communications issued by HRA to that client; and, (iii) access online account balances and application status information.

e. **Internet-Based Accessible SNAP-Related Communications- Reengineering Phase III.**  Subject to obtaining the requisite approvals from USDA, no later than December 1, 2017, HRA will make available a portal on its website that adheres to the Web Content Accessibility Guidelines 2.0, accessible to clients on personal computers, by which all SNAP clients can upload supporting documents that the client is required to submit to HRA in connection with participation in SNAP.

f. **Readers.**  No later than one hundred and twenty (120) days after the Effective Date, HRA shall ensure that a sufficient number of personnel who are able to read effectively, accurately, and impartially using specialized SNAP and Medicaid vocabulary are available in person and via telephone during its regular hours of operation to assist members of the Class in reading, understanding, and completing any Communication it generates or provides to the Class.

g. Notwithstanding the timelines proposed in sub-paragraphs (c)-(e) of paragraph 28, to the extent that the applications and recertification forms described in these sub-paragraphs are State documents, HRA reserves the right to make these documents available on the web-based portal described in these sub-paragraphs within sixty (60) days of the State Defendants' making these documents available to HRA.

29. **Braille**.

a. No later than July 1, 2016, with respect to any Publication and Communication that OTDA will be making available in a Primary Alternative Format as set forth in paragraphs 26(b) and 32(c), respectively, OTDA shall provide the same in Braille to any member of the Class who requests it and asserts that none of the Primary Alternative Formats will be equally effective for them;

b. No later than July 1, 2016, with respect to any Publication and Communication that DOH will be making available in a Primary Alternative Format as set forth in paragraphs 27(b) and 32(d), respectively, DOH shall provide the same in Braille to any member of the Class who requests it and asserts that none of the Primary Alternative Formats will be equally effective for them; and

c.  No later than sixty (60) days after the DAI Implementation Date, HRA will make available in Braille the HRA Applications, Publications and Communications that pertain to the SNAP and/or Medicaid programs that are identified in Appendix C.

B.  <u>Identification of Potential Class Members</u>

30.  No later than the Effective Date, OTDA and DOH shall separately provide the City Defendants with updated lists of potential Class members for SNAP and Medicaid, respectively, that OTDA and DOH are able to identify based on then-available information, along with relevant identifying information including upcoming renewal or recertification dates.

31.  No later than the Effective Date, OTDA shall provide the SSA with a list of all SNAP recipients in New York State, along with relevant identifying information, and shall make a one-time request to the SSA for information pertaining to all such SNAP recipients' current alternative format preferences as such information is available to the SSA. Within thirty (30) days after receiving any such responsive information from the SSA pursuant to this one-time request, OTDA shall revise its disclosure to the City Defendants as set forth in paragraph 30.

C.  <u>Additional Changes</u>

32.  **WMS, FHIS, and CNS Systems.**

a.  As of June 23, 2014, OTDA has created in WMS and FHIS a DAI field for the purpose of recording a Class member's requested alternative format accommodation. By no later than July 1, 2016, OTDA will make the DAI field operational and capable of being populated by Defendants' employees.

b.  No later than July 1, 2016, the State Defendants shall include on all Communications issued through CNS language substantially similar to: "If you are blind or seriously visually impaired and need notices or other written materials in an alternative format (large print, audio or data CD, or Braille), contact your local social services district."

c.  No later than July 1, 2016, OTDA shall cause to make the following Communications available in the Primary Alternative Formats for mailing to Class members who request such an alternative format accommodation: (i) notices issued through CNS; (ii) notices concerning mass changes to Class members' SNAP and/or Medicaid benefits issued by OTDA outside of CNS; (iii) notices concerning a Class member's application for and/or receipt of SNAP and/or Medicaid benefits issued by OTDA; (iv) notices pertaining to fair hearing requests and the scheduling thereof issued through FHIS; (v) Decisions After Fair Hearing concerning SNAP and/or Medicaid benefits; (vi) notices concerning compliance with such Decisions After Fair Hearing issued by OTDA's Office of Administrative Hearings; and (vii) reconsiderations of Decisions After Fair Hearing issued by OTDA's Office of Administrative Hearings.

d.  No later than July 1, 2016, DOH shall cause to make the following Communications available in the Primary Alternative Formats for mailing to Class members who request such an alternative format accommodation: (i) notices to terminate, reduce, suspend, or restrict Medicaid benefits issued by DOH through eMedNY, and outside of CNS; and (ii) notices to individuals automatically enrolled in Medicaid issued by DOH as a result of an individual's eligibility for Supplemental Security Income ("SSI") benefits.

33. **HRA.**

    a. **SNAP Recipients.** No later than sixty (60) days after receipt of the initial or any revised list of potential Class members from OTDA as set forth in paragraphs 30 and 31, and subject to obtaining the requisite approvals from USDA, HRA shall include those potential members of the Class on the list of SNAP recipients who are eligible to recertify SNAP benefits via HRA's IVRS program into the IVRS. HRA shall offer these individuals and all other potential members of the Class a telephone interview to recertify SNAP benefits, shall call these individuals seven (7) and three (3) days before their recertification dates (the date of the scheduled telephone interview), and shall afford these individuals an opportunity to renew benefits by telephone interview.

    b. **Medicaid Recipients.** No later than one-hundred and eighty (180) days after receipt of the list of potential Class members from DOH as set forth in paragraph 30, HRA shall implement protocols to call those potential Class members on the list for whom HRA administers Medicaid benefits, annually, when a renewal is sent, and monthly, for those class members on the list who have surplus income and are eligible for Medicaid with a spend down. For renewals, the telephone call will provide information so that the Class member will be able to contact an HRA staff member who will explain that the Class member needs to renew her benefits, and will offer readers, or home visits, or schedule an appointment at an HRA facility. For Class members, for whom HRA administers Medicaid benefits, who have surplus income and are eligible for Medicaid with a spend down, the telephone call will remind clients that they must meet their monthly spend down or make a remittance to HRA. For Class members whose renewal determination is deferred, HRA will contact the

Class member and offer readers, home visits or schedule an appointment at an HRA facility.   Given the difficulty of ascertaining the Class size, in the event that the remedy described herein becomes unmanageable due to unanticipated volume, counsel for City Defendants and Plaintiffs agree to meet and confer in an attempt to negotiate an appropriate modification.

c. **Inputting Preferences.**  No later than one-hundred and twenty (120) days after the DAI Implementation Date, HRA shall put into place a process for populating the DAI in WMS to record a Class member's stated preferred alternative format accommodation.

34.   Nothing contained in this Stipulation and Order shall be construed to relieve a Class member of his or her obligations to provide timely and accurate information, including supporting documentation of eligibility factors, to the State and City Defendants in written, non-alternative formats, where the option for electronic submission of SNAP and/or Medicaid application or recertification materials does not otherwise exist; provided that HRA will allow a Class member to orally relay certain information regarding eligibility requirements to their staff members, as a reasonable accommodation.

D.   Notice to Relevant Personnel and Local Social Services Districts and Training

35.   **Notification of Personnel.**

a.   No later than thirty (30) days after the Effective Date, the State Defendants shall advise all of their relevant personnel, including their Public-Facing Employees, and all local social services districts of this Stipulation and Order, and provide them with a summary of its terms and conditions.

b.  No later than ninety (90) days  after the deadlines set forth above in paragraphs 26,

27, and 32, the State Defendants shall advise all of their relevant personnel, including

their Public-Facing Employees, and all local social services districts of the changes as

they are implemented.

c.  No later than thirty (30) days after the Effective Date, HRA shall notify all of its

relevant personnel, including Public-Facing Employees, about the existence of this

Stipulation and Order and provide them with a summary of its terms and conditions.

d.  No later than ninety (90) days after the deadlines set forth above in paragraphs 28 and

33, HRA shall advise all of its relevant personnel, including its Public-Facing

Employees, of the changes as they are implemented.

36.  **Training of Personnel.**

a.  No later than July 1, 2016, OTDA shall develop training materials for its Public-

Facing Employees that explains the Public-Facing Employees' duties and

responsibilities as they relate to members of the Class, consistent with OTDA's

obligations pursuant to the terms of this Stipulation and Order; and within sixty (60)

days thereafter, OTDA shall (i) train its Public-Facing Employees in accordance with

the newly developed training materials as set forth in this paragraph; and (ii) provide

Class Counsel with written acknowledgements of the same.  OTDA shall

subsequently utilize these training materials to train its Public-Facing Employees as

appropriate going forward.

b.  No later than thirty (30) days prior to the deadlines imposed on HRA pursuant to

paragraphs 28(a) and (b), 29(c) and 33(a)-(c) of the Stipulation and Order, HRA shall

develop training materials for its Public-Facing Employees that explain their

obligation to administer the SNAP and Medicaid programs as pertains to members of the Class in a manner consistent with the ADA and other statutes cited in the Complaint and HRA's obligations pursuant to the terms of this Stipulation and Order. As applicable, such training materials shall, among other things, impart the importance of identifying and recording information about the accommodation preferences of potential members of the Class, and shall explain the current and anticipated resources available to Public-Facing Employees and members of the Class with respect to the administration of the SNAP and Medicaid programs for persons who are blind or seriously visually impaired.

c.  No later than sixty (60) days following the deadlines imposed on HRA pursuant to paragraphs 28(a) and (b), 29(c) and 33(a)-(c) of this Stipulation and Order, HRA shall (i) ensure that its Public-Facing Employees have been trained using training materials consistent with this Stipulation and Order; and (ii) provide Class Counsel with written acknowledgements of same.  HRA shall use training materials consistent with this Stipulation and Order to train its subsequently hired Public-Facing Employees.

## SECTION III:  CONTINUING JURISDICTION AND ENFORCEMENT

A.   Periodic Reporting

37.   No later than thirty (30) days after receiving responsive information from the SSA pursuant to the one-time request set forth in paragraph 31 herein, and subject to SSA approval, OTDA shall provide Class Counsel with a report containing aggregate information obtained from the SSA setting forth the number of potential Class members and the breakdown of such Class members' categories of requested alternative format accommodations.

38.     Beginning July 1, 2016, and continuing until the termination of jurisdiction as set forth in paragraph 41 herein, on a quarterly basis, the State Defendants shall provide to Class Counsel reports setting forth the names, and case numbers of Class members that have been identified to-date and the Class members' requested alternative format accommodations.

39.     No later than forty-five (45) days after the Effective Date, counsel for Defendants shall be available to meet with Class Counsel to provide an update about the progress in effectuating the terms of this Stipulation and Order, and shall be available to meet with Class Counsel every ninety (90) days thereafter to provide further progress updates, as necessary, until July 1, 2016.

B.      Dismissal of Claims and Enforcement

40.     As of the Effective Date, all claims contained in the Complaint, with the exception of those specifically reserved herein pursuant to paragraphs 41 and 42, shall be dismissed with prejudice.

41.     The jurisdiction of this Court shall terminate at the conclusion of twelve (12) months following the Full Implementation Date, except that if Plaintiffs move pursuant to paragraph 42 herein, jurisdiction shall continue until (a) any such motion is decided; (b) if any such motion is decided favorably for Plaintiffs, until such time as directed by the Court; or (c) such time as may be extended upon agreement by the parties in modification of this Stipulation and Order.

42.     During the twelve (12) months following the Full Implementation Date, if Plaintiffs believe that one or more Defendants has not complied with the terms of this Stipulation and Order, Class Counsel shall notify Defendants' counsel in writing of the nature and

specifics of the alleged failure(s) to comply at least thirty (30) days before any motion is made regarding this Stipulation and Order.  Such written notice shall be accompanied by copies of any documents or data relied upon by Plaintiffs for the claimed violations. Unless otherwise resolved, the parties' counsel shall meet within the thirty (30) day period following such notice to Defendants' counsel to discuss the claimed violations and possible solutions.  If no resolution is reached within thirty (30) days following written notice of the claimed violation, Plaintiffs may move this Court for an order for all appropriate relief only as against the noncompliant Defendant(s), and only as to the specific provision for which non-compliance is timely alleged by Plaintiffs.

43. Notwithstanding the foregoing, no Defendant shall be deemed to have failed to comply with the terms of this Stipulation and Order for purposes of any motion contemplated in paragraphs 41 and 42 herein unless Plaintiffs can establish that Defendants' alleged failures to comply were not *de minimis* or isolated, but rather were substantial and sufficiently frequent or widespread as to be systemic in nature.

44. Following the termination of the Court's jurisdiction as set forth in paragraph 41 herein, this Stipulation and Order shall be deemed unenforceable as to the respective Defendants.

C.   <u>Meet and Confer Regarding New Technologies</u>

45. If any party identifies a newly developed or significantly improved alternative format for providing information to the members of the Class, that party may, but shall not be obligated to, notify counsel for all other parties in writing.  No later than ninety (90) days after such notice, the parties agree to meet and confer in good faith to discuss the newly identified alternative format(s), and the feasibility of utilizing it as a means of communicating with the Class.  Notwithstanding the foregoing, nothing contained in this

paragraph shall be construed to be an agreement or an admission by any Defendant that any such newly identified alternative format constitutes a reasonable accommodation under the ADA, Section 504, or any relevant state or local statute or regulation.  Nor shall anything contained in this paragraph be deemed to obligate any Defendant to provide any such newly identified alternative format to any members of the Class.

## SECTION IV:  ATTORNEYS' FEES

46.   The parties shall negotiate in good faith Plaintiffs' entitlement  to reasonable attorneys' fees, costs, and disbursements to be awarded to Class Counsel pursuant to 42 U.S.C. §§ 1988 and 12205 for all work through and including the execution of the Stipulation and Order. Upon the execution of this Stipulation and Order by counsel for all parties, Class Counsel shall forward to counsel for Defendants, no later than one business day thereafter, Class Counsel's time and billing records and statements of costs incurred in this action for which recovery is sought, so the parties may proceed to negotiate the amount of reasonable attorneys' fees, costs, and disbursements.

47.   Any agreement as to attorneys' fees, costs, and disbursements that is reached by the parties ("Provisional Agreement") is subject to the approval by all appropriate State officials, in accordance with N.Y. Public Officers Law § 17 (hereinafter, "State Approval"), and by the Comptroller of the City of New York pursuant to General Municipal Law § 50-k (hereinafter, "City Approval"). Class Counsel agrees to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approvals and effectuating payment.

   a.   If State Approval and City Approval of the amount of attorneys' fees, costs, and disbursements are obtained before such publication of the Rule 23(e) notice as the

Court may order, the parties shall file a proposed amended Stipulation and Order including the amount of attorneys' fees, costs, and disbursements as to which City and State Approvals have been obtained.

b.  If State Approval and City Approval of the amount of attorneys' fees, costs, and disbursements are obtained after the publication of a Rule 23(e) notice ordered by the Court, then the terms of the settlement of attorneys' fees, costs and disbursements will be embodied in a separate stipulation that will be forwarded to the Court to be "so-ordered."

c.  In the event that State Approval or City Approval is not obtained, counsel for the City or State Defendants shall notify Plaintiffs' counsel within five (5) business days of the disapproval. Disapproval of the Provisional Agreement by the approving authorities of either State or City Defendants, or both of them, shall render the terms of the Provisional Agreement null, void, and of no further force and effect.

48.  Within thirty (30) days of either (i) the declaring of an impasse by a party that no agreement on the amount of Plaintiffs' entitlement to attorneys' fees, costs, and disbursements may be reached despite the parties' good faith efforts, or (ii) Plaintiffs' receipt of notification that State Approval or City Approval has been denied, Class Counsel may make an application to the Court for an award of reasonable attorneys' fees, costs, and disbursements pursuant to 42 U.S.C. §§ 1988 and 12205 for all work through and including the execution of the Stipulation and Order; and Defendants' counsel may oppose any such application.

## SECTION IV:  GENERAL PROVISIONS

49.    Nothing contained in this Stipulation and Order shall be deemed to have created any

rights or entitlements to administrative or judicial proceedings for any individual which

do not otherwise exist pursuant to the relevant New York State statutes or regulations.

Notwithstanding the foregoing, no provision of this Stipulation and Order shall be

deemed to infringe upon a Class member's ability to seek individual relief through an

administrative hearing or a judicial proceeding, including but not limited to a proceeding

brought pursuant to article 78 of the New York Civil Practice Law and Rules, pertaining

to the Class member's SNAP and/or Medicaid benefits, or a Defendant's alleged failure

to provide a Class member's requested reasonable accommodation under the ADA,

provided that the Class member does not seek to assert any claims included in the

Complaint, or otherwise to challenge the contents of this Stipulation and Order.

50.    In the event of any change in federal statute or regulation, or state or local statute or

regulation, that any Defendant believes changes his or her responsibilities pursuant to this

Stipulation and Order, such Defendant shall so notify all other parties in writing and the

parties shall attempt to come to an agreement as to any modifications of the Stipulation

and Order that are warranted by any such changes in federal, state or local law.  If no

resolution is reached within thirty (30) days following the written notice, Defendants may

move this Court for an order for all appropriate relief pursuant to Rule 60(b) of the

Federal Rules of Civil Procedure or any other applicable rule or procedure.

51.    This Stipulation and Order shall have no precedential value or effect whatsoever and

shall not be cited, used or admissible in this or any other action or proceeding as evidence

or for any other purpose, except in an action or proceeding to enforce the terms of this

Stipulation and Order, or to assert that Class members are bound by the terms of this settlement.

52.    This Stipulation and Order embodies the entire agreement of the parties in this matter and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceedings, shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

53.    All parties to this Stipulation and Order have participated in its drafting such that any ambiguity contained therein shall not be construed for or against any party.

54.    The parties warrant and represent that the persons executing this Stipulation and Order are duly authorized to do so.

55.    This Stipulation and Order shall be binding upon and inure to the benefit of the parties and each of their heirs, successors, assigns, executors and legal representatives.

56.    Rule 6 of the Federal Rules of Civil Procedure shall govern the computation of any time period specified by this Stipulation and Order.

57.    This Stipulation and Order may be executed by facsimile or email signatures in multiple counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same valid and binding agreement of the parties.

58.   Any notice, report, or communication required by or made pursuant to this Stipulation

and Order, other than notices sent to individual members of the Class, shall be sent by

electronic mail, or by first class mail upon request, to counsel at the addresses specified

below.

To Plaintiffs:

Greg Bass
Senior Attorney
National Center for Law and Economic Justice
275 Seventh Avenue, Suite 1506
New York, New York 10001
 bass@nclej.org

Michael Daly
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
michael.daly@dbr.com

To City Defendants:

Carolyn Kruk
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Room 2-192
New York, New York 10007
ckruk@law.nyc.gov

To State Defendants:

Linda Fang
Assistant Attorney General
New York State Attorney General's Office
120 Broadway, 24th Floor
New York, New York 10271
linda.fang@ag.ny.gov

[THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK]

59.    Any party may change the above designated addressees or addresses by written notice to

the other parties.  A copy of such notice shall be filed with the Clerk of this Court.


Dated:     New York, New York
           May ⁷⁻, 2015


Greg Bass                                          Michael Daly
Senior Attorney                                    Drinker Biddle & Reath LLP
National Center for Law and Economic Justice       One Logan Square, Suite 2000
275 Seventh Avenue, Suite 1506                     Philadelphia, Pennsylvania 19103
New York, New York 10001                           (215) 988-2604
(212) 633-6967                                     michael.daly@dbr.com
bass@nclej.org

By: _____                         By: _____
      Greg Bass                                          Michael Daly

Carolyn Kruk                                       Linda Fang
Assistant Corporation Counsel                      Assistant Attorney General
New York City Law Department                       New York State Attorney General's Office
100 Church Street, Room 2-192                      120 Broadway, 24th Floor
New York, New York 10007                           New York, New York 10271
(212) 356-0893                                     (212) 416-8656
ckruk@law.nyc.gov                                  linda.fang@ag.ny.gov

By: _____                         By: _____
      Carolyn E. Kruk                                    Linda Fang


SO ORDERED.

this _____ day of _____ 2015.


Honorable Thomas P. Griesa
United States District Judge

25

**APPENDIX A**

Section I:  Applications

LDSS 2291 (Request for Replacement of Food Purchased with SNAP Benefits)
LDSS 2921 (Common Application for SNAP, Medicaid, and other benefits)
LDSS 3174 (Recertification Form for SNAP, Medicaid, and other benefits)
LDSS 4826 (SNAP Recertification and Application)
LDSS 4942 (SNAP Authorized Representative Request Form)


Section II:  Publications and Instructions

PUB 1301 (Instructions for Completing the Common Application)
PUB 1313 (Instructions for Completing the Recertification Form)
LDSS 4148A (What You Should Know About Your Rights and Responsibilities)
LDSS 4148B (What You Should Know About Social Services Programs)
LDSS 4148C (What You Should Know If You Have An Emergency)
LDSS 4826A (Instructions for Completing the SNAP Recertification and Application)

**APPENDIX B**

<u>Section I:  Applications</u>

DOH 4220 (Access NY Application for Medicaid)
DOH 4282 (Application for Family Planning Benefit Program for Medicaid)
DOH 4328 (Application for Medicare Savings Program)
DOH 4495A (Access NY Supplement A)
<u>Section II:  Publications and Instructions</u>

OHIP 0065 (Family Planning Benefit Program Fact Sheet)
DOH 4220B (List of Necessary Documentation for Access NY Application)
DOH 4220C (Information About Medicaid, Family Health Plus and Child Health Plus Programs)
DOH 4220I (Instructions for Access NY Application)
DOH 4286 (Family Planning Benefit Program Application Instructions)
DOH 5104 (Information Concerning Medical Assistance for SSI Beneficiaries)
Supplement to LDSS 4148A and LDSS 4148B (Important Changes in the Medicaid Program)
New York Medicaid Choice enrollment packet

## APPENDIX C

Section I: Applications

*Medicaid*
MAP-909E (DAB Renewal)


Section II:  Publications and Instructions

*SNAP*
BRC-100 (What You Need to Know About SNAP)
BRC-901C (Recertify by Telephone: IVRS)
BRC-901D (Telephone Recertification)
BRC-681A (Are You a Person With a Disability?)
W-129G (SNAP Documentation Guide)

*Medicaid*
BRC-3000 (Medicare Savings Program)
W-119D (Eligibility Factors and Suggested Documentation Guide)
MAP-2096P (Instructions for DAB Renewal)
MAP-2096Q (Instructions for DAB Renewal)

Section III: Communications

*SNAP*
W-138Q (Supplemental Nutrition Assistance Program (SNAP) Income Guidelines)
W-113K (Documentation Requirements and/or Assessment Follow-Up)
W-119 (Request for Contact on a Supplemental Nutrition Assistance Program (SNAP) Application)
W-119D (Eligibility Factors and Suggested Documentation Guide)
W-129RR (Notice of Supplemental Nutrition Assistance Program (SNAP) Recertification Appointment)
W-908CC (Notice of Rescheduled Appointment for Recertification Interview)
W-908F (Notice of Rescheduled Supplemental Nutrition Assistance Program (SNAP) Telephone Recertification Interview)
M-40K (Notice of Denial of Expedited Supplemental Nutrition Assistance Program (SNAP) or Inability to Issue Supplemental Nutrition Assistance Program Benefits)

*Medicaid*

| MAP-3072-a | Notice to Consumer Regarding Medicaid Surplus Eligibility |
| MAP-3050 | Notice of Intent to Discontinue Medical Assistance-Family Health Plus Coverage - Excess Resources |
| MAP-2087ah | Notice of Denial Of Your Application For Public Health Insurance (H25-H26) |
| MAP-2087 | Notice of Acceptance of Your Medical Assistance Application |

| MAP-909 | Notice to Former SSI Beneficiary |
|---|---|
| MAP -259p | Notice of Acceptance of Your Medical Assistance Application/Recertification |
| MAP-2097W | Notice of Denial of Health Insurance Application (Excess Income/Resources Program) |
| MAP-3002E | Notice of Change From Full MA to Surplus Income Program-Medicare Savings Program (MSP) |
| MAP-259a | Notice of Your Medical Assistance Recertification Eligibility Decision (Institutional Care and Nursing Homes) |
| MAP-2070G | Notification Of Permanent Absence Status |
| MAP-259V | Notice of Decision on Your Medical Assistance Application Long-Term Care Services |
| MAP-316K | Notice To Re-Establish Medicaid-FHP After Fair Hearing (Managed Care) |
| MAP-3035B | Notice of Discontinuance (Stenson) |
| MAP-2088C | Notice Of Intent To Change Medicaid Coverage |
| MAP-2097H | Notice of Change From Full MA To Excess Income (Family Health Plus Info) |
| MAP-259B | Notice Of Denial Of Your Nursing Home Application |
| MAP-2088V | Notice of Renewal of Your Public Health Insurance Coverage |
| MAP-713F | Notice of Denial of Your Medical Assistance Application MBI-WPD-Financial |
| MAP-713D | Notice of Discontinuance of Your Medical Assistance Coverage MBI-WPD- Financial |
| MAP-713 | Notice of Acceptance of Your Medical Assistance Application MBI-WPD Premium Morator |
| MAP-909 W-296E LDSS-486-NYC MAP-25D MAP-252B LDSS-1151 | Stenson "Notice To Former SSI Beneficiary" |
| MAP-909F W-296E LDSS-486T MAP-252D MAP-252B LDSS-1151 | MSP renewal |
| MAP-909E MAP-2096P MAP-909K MAP-2050A MAP-2096Q MAP-252B LDSS-486 LDSS-1151 | MSP renewal |

| HC-3002<br>MAP-3002D<br>MAP-3015 | |
|---|---|
| MAP-3021<br>MAP-3022 | Medicaid Nursing Home Renewal |
| MAP-2087A(E-S) | Denial Notices for rest of application Types in EDITS |
| MAP-2087A(E-S) | Ineligible (Already MA Active) |
| LDSS - 4007 | Notice of decision of initial authorization/reauthorization/or denial of personal care services |
| LDSS-4273 | Notice of intent to discontinue personal care services under the shared aide program |
| LDSS - 4008 | Notice of intent to increase, reduce or discontinue personal care services |
| LDSS-4274 | Notice of intent to continue/increase/decrease personal care services under the shared aide program |
| M-31V | Notice of Decision on CDPAP Application |