Grusa, J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| MEGAN RAFFERTY, DEBORAH HAYNES, LEASON JACOB, and DIANA GRAY, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | No. 13-CV-1410 (TPG) |
| v. | |
| ROBERT DOAR, in his capacity as its Commissioner of the New York City Human Resources Administration; | |
| KRISTIN PROUD, in her capacity as Commissioner of the New York State Office of Temporary and Disability Assistance; | **STIPULATION AND ORDER OF SETTLEMENT FOR FEES AND COSTS** |
| NIRAV SHAH, M.D., in his capacity as its Commissioner of the New York State Department of Health; | |
| the NEW YORK CITY HUMAN RESOURCES ADMINISTRATION; | |
| the NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE; and | |
| the NEW YORK STATE DEPARTMENT OF HEALTH, | |
| Defendants. | |

---

**WHEREAS,** Plaintiffs Megan Rafferty, Deborah Haynes, Leason Jacob, and Diana Gray

(collectively "Plaintiffs") filed a complaint on behalf of themselves and of a class of similarly

situated individuals who are blind or seriously visually impaired, who are applicants for and

recipients of Supplemental Nutrition Assistance Program and Medical Assistance benefits, and who reside in New York City (the "Complaint");

**WHEREAS**, Plaintiffs asserted claims against the New York City Human Resources Administration ("HRA" and "City Defendant"); Steven Banks, as the Commissioner of HRA ("Commissioner Banks"); the New York State Office of Temporary and Disability Assistance ("OTDA" and "State Defendant"); Samuel D. Roberts, as Commissioner of OTDA; the New York State Department of Health ("DOH" and "State Defendant"); and Howard Zucker, M.D., as Commissioner of DOH (collectively "Defendants")[1];

**WHEREAS**, the Court certified a class of Plaintiffs pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) ("Class Plaintiffs"), and appointed National Center for Law and Economic Justice, Inc. and Drinker Biddle & Reath, LLP as counsel for Class Plaintiffs ("Class Counsel");

**WHEREAS**, on October 23, 2015, the Court so-ordered the Stipulation and Order of Settlement ("Stipulation and Order of Settlement"), which reflected the settlement entered into by the parties;

**WHEREAS**, Class Plaintiffs and Defendants now seek to resolve the issue of attorneys' fees, costs and disbursements incurred in connection with this action from the beginning of time through the date that this Stipulation and Order of Settlement for Fees and Costs ("Fees Stipulation") is so-ordered by the Court, except as set forth below, without further proceedings on terms and conditions just and fair to all parties;

---

[1] Steven Banks, Samuel D. Roberts, and Howard Zucker are the successors in office to Robert Doar, as Commissioner of HRA, Kristen Proud, as Commissioner of OTDA, and Nirav Shah, M.D., as Commissioner of DOH, respectively, and thus are automatically substituted as parties pursuant to Federal Rule of Civil Procedure 25(d)(1).

2

**WHEREAS**, the parties are entering into this Fees Stipulation solely for the purpose of settling the disputes between them concerning attorneys' fees, costs, and disbursements and to avoid further litigation, and without the Defendants admitting any fault or liability; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between Class Plaintiffs and Defendants, as represented below, as follows:

1.      State Defendants agree to pay the sum of $300,000.00 to Class Counsel for attorneys' fees, costs, and disbursements in or arising from this action.

2.      City Defendant agrees to pay the sum of $300,000.00 to Class Counsel for attorneys' fees, costs, and disbursements in or arising from this action.

3.      Payments of the amounts set forth in paragraphs 1 and 2 of this Fees Stipulation shall be accepted in full settlement of any claims for attorneys' fees, costs, and disbursements that Class Plaintiffs have incurred in connection with this action from the beginning of time through the date this Fees Stipulation is so-ordered by the Court, except for that expressly set forth and reserved in paragraph 4 herein.

4.      Nothing in this Fees Stipulation shall preclude Class Plaintiffs from seeking to recover for reasonable attorneys' fees, costs, and disbursements incurred in connection with either the work necessary and appropriate to secure the Court's approval of the Stipulation and Order of Settlement pursuant to Federal Rule of Civil Procedure 23 performed subsequent to May 13, 2015 or to monitor Defendants' compliance with the terms of the Stipulation and Order of Settlement.

5.      Payment shall be made by delivering checks, for the amounts set forth in paragraphs 1 and 2 herein, payable to the National Center for Law and Economic Justice, 275 Seventh Avenue, Suite 1506, New York, NY 10001.

3

6.      Payment of the amount set forth in paragraph 1 is subject to the approval of all appropriate New York State officials in accordance with New York Public Officers Law § 17(3)(a). In the event such approval is denied, counsel for State Defendants shall so notify Class Counsel within five (5) days of the disapproval. In the event of such disapproval, Class Counsel shall have ninety (90) days from such notice within which to make a motion to the Court seeking from State Defendants attorneys' fees, costs, and disbursements.

7.      Class Counsel shall execute and deliver to counsel for State Defendants any and all documents and information necessary to effectuate payment, which includes any requisite payment vouchers.

8.      Class Plaintiffs and Class Counsel shall execute and deliver to City Defendants' attorney all documents necessary to effect this settlement, including, without limitation, signed releases for every individual named Plaintiff on behalf of the class and law firm who has any claim for fees in this action, based on the terms of paragraphs 2 and 3 above. The payment set forth in paragraph 2 is subject to and conditioned on delivery of such documents to City Defendants' undersigned attorney.

9.      Class Plaintiffs and Class Counsel agree that neither Defendants, the State and City of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens or claims of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens), whether known or unknown, that may attach to the payments set forth in this Fees Stipulation. Class Plaintiffs and Class Counsel shall have no claim, right, or cause of action against Defendants, the State and City of New York (including, but not limited to, any and all agencies, departments and

4

subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such liens or claims, and agree that they will defend, indemnify and hold harmless Defendants, the State and City of New York (including, but not limited to, any and all agencies, departments and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, for the satisfaction of any such liens or claims.

10.    Class Plaintiffs and Class Counsel agree that any taxes, or interest, or penalties on taxes, on the payments set forth in paragraphs 1 and 2 herein shall be the sole and complete responsibility of Class Counsel, and that Class Counsel shall have no claim, right or cause of action against Defendants, or the State and City of New York on account of any and all such taxes, interest, or penalties.

11.    In the event payment of the amounts recited in paragraphs 1 and 2 above are not made within ninety (90) days after the entry on the Court's docket of a so-ordered copy of this Fees Stipulation and the receipt of all documents and information required under paragraphs 7 and 8 herein, interest shall accrue on the outstanding principal balance at the statutory rate set forth in 28 U.S.C. § 1961, beginning on the ninety-first (91st) day.

12.    In consideration for these payments, Class Plaintiffs and Class Counsel, on their own behalf and on behalf of the respective heirs, executors, administrators, personal representatives, successors and assigns of each of themselves and on behalf of future Class Plaintiffs, hereby jointly and severally release Defendants, the State and City of New York, and any present or former employees, agents, officials, departments, agencies, representatives and directors, their successors and assigns and their respective heirs, executors, administrators, personal representatives, and transferees, and each of them, from any and all liability, claims, or

5

rights of action for attorneys' fees, costs, and disbursements, in or arising from this action, accrued or incurred from the beginning of time through the date that this Fees Stipulation is so-ordered by the Court, except for that expressly set forth and reserved in paragraph 4 herein, and this Fees Stipulation shall be deemed a release to that effect.

13.     Nothing in this Fees Stipulation shall be deemed to be an agreement or an admission by Defendants as to the reasonableness of the number of hours spent or the particular hourly rates claimed by Class Counsel or that Class Plaintiffs will be entitled to any attorneys' fees, costs or disbursements in connection with this action in the future and Defendants do not waive any defenses to any application by Class Plaintiffs therefor.

14.     Nothing in this Fees Stipulation shall be construed as an admission or acknowledgment of liability whatsoever by Defendants regarding any of the allegations made by Class Plaintiffs in the Complaint. The agreement set forth in this Fees Stipulation does not reflect the positions of the parties in any other judicial or administrative proceeding. In addition, nothing contained herein shall be deemed to constitute a custom, policy, or practice of Defendants, the State of New York or any of its agencies.

15.     This Fees Stipulation has no precedential value or effect whatsoever and is inadmissible in any other action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Fees Stipulation.

16.     This Fees Stipulation embodies the entire agreement of the parties in this matter and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Fees Stipulation regarding the subject matter of the instant proceedings, other than that set forth in the Stipulation and Order of Settlement, shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

6

17.    All parties to this Fees Stipulation have participated in its drafting; consequently, any ambiguity shall not be construed for or against any party.

18.    If any date or period of time described herein falls or ends on a public holiday or on a weekend, the date or period of time shall be extended to the next business day.

19.    This Fees Stipulation is final and binding upon the parties, their successors and assigns.

20.    This Fees Stipulation may be executed in counterparts, and a signature received by facsimile or email shall be deemed valid for all purposes.

Dated:    New York, New York
          December __10__, 2015

Greg Bass                                          Michael Daly
Senior Attorney                                    Drinker Biddle & Reath LLP
National Center for Law and Economic Justice       One Logan Square, Suite 2000
275 Seventh Avenue, Suite 1506                     Philadelphia, Pennsylvania 19103
New York, New York 10001                           (215) 988-2604
(212) 633-6967                                     michael.daly@dbr.com
bass@nclej.org

By: _____                         By: _____
        Greg Bass                                          Michael Daly

Carolyn E. Kruk                                    Linda Fang
Assistant Corporation Counsel                      Assistant Attorney General
New York City Law Department                       New York State Attorney General's Office
100 Church Street, Room 2-192                      120 Broadway, 24th Floor
New York, New York 10007                           New York, New York 10271
(212) 356-0893                                     (212) 416-8656
ckruk@law.nyc.gov                                  linda.fang@ag.ny.gov

By: _____                         By: _____
        Carolyn E. Kruk   12/10/15                         Linda Fang

7

SO ORDERED,

this _____11th_____ day of _____December_____ 2015.

_____

Honorable Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/2015

8